

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Homer D. Eck
County Auditor, Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-5772
Re: Whether the county clerk
is entitled to collect
recording fees from the
county commissioners,
justice of the peace,
constables and public
weighers for the record-
ing of their official
bonds.

Your letter of December 16, 1943, requesting the
opinion of this department on the question stated therein reads
as follows:

"Your opinion number O-5099 relating
to the recording fees of the official bonds
of certain county officials is in the hands
of the writer. In checking over the ques-
tions propounded to you I find that they do
not cover county commissioners who are elected
by the voters of various precincts of the
County but receive their salaries from the
General Fund of the County. Neither do they
cover Justice of Peace and Constables elected
in the various precincts and operate on a fee
basis. Neither does it cover Public Weighers
who are elected in the various Justice Precincts
and receive their pay direct from those whom
they serve.

"Each of the above are required to give
bonds which are approved by the Commissioners'
Court and are required to be recorded by the
County Clerk. The question is whether the
County Clerk is entitled to collect recording
fees from the County Commissioners, Justice
of the Peace, Constables and Public Weighers.
If the County Clerk is entitled to fees for
recording bonds of any of the above officials,
who should pay the fees?"

NICATION IS TO BE CON.......... NLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

774

Honorable Homer D. Nix, page 2

Article 2340, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"* * * Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds as voluntary payments or otherwise, and that he will not vote or give his consent to pay out of county funds except for lawful purpose."

Article 2373, Vernon's Annotated Civil Statutes, reads, in part:

"Each justice shall give bond payable to the county judge in the sum of One Thousand Dollars, conditioned that he will faithfully and impartially discharge the duties required of him by law, and will promptly pay over to the party entitled to receive it, all moneys that may come into his hands during his term of office. * * **"

Article 5688, Vernon's Annotated Civil Statutes, provides:

"Each public weigher elected for a precinct shall execute a bond payable to the county judge in the sum of Five Thousand Dollars to be approved by the commissioners' court, conditioned upon the faithful and impartial performance of the duties of his office. The bond of a weigher of a precinct where not over five thousand bales of cotton are received for sale or shipment shall be Two Thousand Five Hundred Dollars."

Honorable Homer D. Leck, page 3

Article 6881, Vernon' Annotated Civil Statutes, is as follows:

"Each person who may be elected to the office of Constable shall, before entering upon the duties of the office, give a bond with two or more good and sufficient sureties, to be approved by the Commissioners Court of his county, for such sum as may be directed by said Court, not less than Five Hundred Dollars ($500.00) nor more than Fifteen Hundred Dollars ($1,500.00), payable to the Governor and his successor in office, conditioned for the faithful performance of all the duties required of him by law; and shall also take and subscribe the oath of office prescribed by the Constitution, which shall be indorsed on said bond, together with the certificate of the officer administering the same; which bond and oath shall be recorded in the office of the Clerk of the County Court, and deposited in said office; said bond shall not be void on the first recovery, but may be sued on from time to time in the name of the party injured until the whole amount thereof is recovered."

Article 6000, Vernon's Annotated Civil Statutes, provides:

"All official bonds of county officers that are required by law to be approved by the commissioners' court, and which have been so approved, shall be made payable to the county judge, and safely kept and recorded by the County Clerk in a book kept for that purpose."

Article 5688, supra, expressly provides that the bond of the public weigher elected for a precinct shall be payable to the county judge and must be approved by the commissioners' court. Therefore, the bond of a public weigher elected for a precinct must be safely kept and recorded by the County Clerk in a book kept for that purpose.

Article 6881, supra, expressly provides that the

bond of a constable shall be approved by the commissioners' court and recorded in the office of the Clerk of the County Court, and deposited in said office.

Article 2340, supra, regarding the bonds of county commissioners expressly provides that such bonds shall be approved by the county judge. However, this statute does not expressly require that the bonds of county commissioners must be recorded in the County Clerk's office.

Article 2373, supra, regarding bonds of justices of the peace, provides that such bonds shall be payable to the county judge but does not expressly provide that such bonds shall be recorded by the County Clerk; neither does said statute expressly provide who shall approve the bonds of justices of the peace.

Although the foregoing statutes regarding the official bonds of county commissioners and justices of the peace do not expressly require such bonds to be recorded by the County Clerk, it is our opinion that such bonds should be recorded for the protection of the public.

The recording of the official bonds required about are not for the benefit of the individual officers but are for the benefit of the general public. The same reasoning followed in our Opinion No. 0-5099 and the opinion of the Attorneys General, found in the 1906 Annual Report of the Attorney General, at page 370, is applicable to the questions under consideration. Therefore, it is our opinion that the County Clerk is not entitled to any fees for recording the official bonds of the above named officials.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED JAN 15, 1944

*Grover Sellers*
ATTORNEY GENERAL OF TEXAS

AW:EP


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN